**SOUTHWESTERN MEDICAL CLINICS OF NEVADA, INC., d/b/a Family Planning Institute, Plaintiff,**

v.

**OPERATION RESCUE, et al., Defendants.**

**AMERICAN MEDICORP DEVELOPMENT COMPANY, a Delaware corporation, Plaintiff–In–Intervention,**

v.

**OPERATION RESCUE, et al., Defendants.**

**Robert F. MEGER, M.D., d/b/a Birth Control Care Center, Plaintiff,**

v.

**OPERATION RESCUE, et al., Defendants.**

**Nos. CV–S–89–474–PMP (RJJ), CV–S–89–473–PMP (RJJ).**

United States District Court, D. Nevada.

July 7, 1989.

John R. Bailey, Mark A. Begnaud, Lionel, Sawyer & Collins, Las Vegas, Nev., for plaintiff-in-intervention.

Kathleen England, England & Combs, Las Vegas, Nev., for plaintiff.

Frederic S. Stow, III, W. Randolph Patton, Pearson & Patton, Michael L. Peters, Gubler & Peters, Las Vegas, Nev., for defendants.

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING MOTION FOR PRELIMINARY INJUNCTION

PRO, District Judge.

These consolidated actions were commenced in the Eighth Judicial District Court of the State of Nevada in and for Clark County for Declaratory and Injunctive Relief against various anti-abortion activists.

On June 12, 13 and 14, 1989, Judges of the Eighth Judicial District Court of the State of Nevada entered Temporary Restraining Orders enjoining and restraining Defendants from trespassing on, blocking or obstructing ingress to or egress from Plaintiffs' clinics at which various medical services including abortions are performed, and further limiting the time, place and manner of anti-abortion protest in which Defendants could engage.

On June 26, 1989, these actions were removed from the Eighth Judicial District Court for the State of Nevada to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a) and (b), and 42 U.S.C. § 1985(3).

On June 27, 1989, the Court consolidated the above-referenced actions and conducted a hearing on Plaintiffs' Motions for Preliminary Injunction. At the close of said hearing, the Court entered an Order continuing the Temporary Restraining Orders issued by Judges Mosley, Thompson and Lehman of the Eighth Judicial District Court of the State of Nevada on June 12, 13 and 14, 1989, respectively, for a period of ten (10) days, to and including July 7, 1989, to enable the parties to submit further briefs on issues raised in Plaintiffs' Motions for Preliminary Injunction.

The Court having reviewed all pleadings, affidavits and other papers filed in this action, and having further considered the arguments of counsel presented at the hearing conducted June 27, 1989, the Court hereby makes the following Findings of Fact and enters the following Conclusions of Law.

## I. FINDINGS OF FACT

1. Plaintiff Southwestern Medical Clinics of Nevada, Inc., is a corporation doing business as a medical clinic under the name of "Family Planning Institute." Plaintiff does business at 501 South Rancho Drive,

Suite A–1, A–3 and A–4 in Las Vegas, Nevada. Plaintiff's clinic is a tenant in a business park known as Quail Park III, and the tenants share a common parking lot and courtyard facilities which is restricted to the use of tenants and tenants' clients only.

2. Plaintiff–In–Intervention, American Medicorp Development Company, is a Delaware corporation duly organized and existing under the laws of the State of Delaware, doing business as Sunrise Medical Towers, and carrying on the business of leasing professional office space, and in the possession of those certain properties commonly known as Sunrise Medical Tower I, 3201 Maryland Parkway, Las Vegas, Nevada; Sunrise Medical Tower II, 3121 Maryland Parkway, Las Vegas, Nevada; Sunrise Medical Tower III, 3006 Maryland Parkway, Las Vegas, Nevada; and Sunrise Medical Tower IV, 3196 Maryland Parkway, Las Vegas, Nevada.

3. Plaintiff Robert F. Meger, M.D., dba Birth Control Care Center, operates a medical facility that provides various medical services at two locations in Las Vegas, located at 2225 East Flamingo, Suite 101, and 917 South Decatur, Las Vegas, Nevada. Plaintiff's clinic at 2225 East Flamingo is a tenant in a business park known as Desert Professional Plaza and the tenants share a common parking lot and courtyard facilities which are restricted to the use of tenants and tenants' clients only. Plaintiff's clinic at 917 South Decatur is a single story building with its own parking lot area.

4. Defendant, Operation Rescue, is a loosely-knit national organization which promotes protests at abortion clinics across the nation, including medical clinics in the Las Vegas, Nevada, area such as those operated by Plaintiffs herein. The remaining named Defendants are members of Operation Rescue or have participated in anti-abortion demonstrations at Plaintiffs' clinics.

5. Plaintiffs Family Planning Institute and Birth Control Care Center, and clinics located within the facilities operated by Plaintiff–In–Intervention American Medicorp Development Company, provide a variety of medical services including reproductive health services for their patients including birth control counseling and services, gynocological services, pregnancy termination and other medical treatments.

6. On various occasions including January 28, 1989, January 31, 1989, February 4, 1989, March 17, 1989, March 18, 1989, April 29, 1989, and June 13, 1989, Operation Rescue and its members, including various of the individually-named Defendants, have conducted protest demonstrations at Plaintiffs' clinics. During these demonstrations, Defendants have physically blocked ingress and egress to Plaintiffs' clinics by sitting on the sidewalk in such close proximaty that persons could not walk through, or by standing and interlocking their arms and physically barricading entrances and exits.

Additionally, during said demonstrations, Defendants have physically prevented patients who wish to enter Plaintiffs' clinics for medical treatment from doing so. In addition to physically blocking ingress and egress, Defendants have verbally and physically harassed Plaintiffs' patients and employees as well as those who act as escorts for Plaintiffs' patients, and have congregated in such numbers on the sidewalks and in the parking lots of Plaintiffs' clinics so as to prevent customers of tenants unrelated to Plaintiffs' clinics from entering and leaving said facilities.

7. Over the last several months, demonstrations by Defendants at Plaintiffs' clinics have increased in number and intensity. The confrontations between Defendants and employees, patients and escorts of Plaintiffs' clinics have become more hostile, vocal and physical, to the point where it is likely that there will be physical confrontation and a breach of the peace unless injunctive relief is granted.

8. Unless Defendants are enjoined from trespassing on, blocking, obstructing ingress into and egress from Plaintiffs' clinics and from physically abusing or tortiously harassing persons entering, leaving, working at or using any services at Plaintiffs' clinics, Plaintiffs and Plaintiffs' patients and employees will suffer immediate

and irreparable injury for which there is no adequate remedy at law.

9. Preliminary injunctive relief can be fashioned which will prevent the above-referenced injury to Plaintiffs' clinics, patients and employees, and which at the same time will not infringe on Defendants' rights to peaceably assemble and to protest the performance of abortions at Plaintiffs' clinics. Such injunctive relief must, however, be granted in terms sufficiently flexible to enable all parties to exercise their rights without infringing on the rights of each other. Therefore, unless subsequent events make it necessary, the Court will not impose numerical limitations on pickets at each of Plaintiffs' clinics.

## CONCLUSIONS OF LAW

1. Plaintiffs have standing to bring this action on behalf of Plaintiffs' clinics, employees and patients. *New York State National Organization for Women v. Randall Terry, et al.,* 697 F.Supp. 1324 (S.D.N.Y.1988).

2. In balancing the interests of Plaintiffs and Defendants, a greater hardship will be born by Plaintiffs, Plaintiffs' employees and patients if injunctive relief is denied, than will be borne by Defendants if the Preliminary Injunction which follows is issued.

3. Plaintiffs are likely to prevail on the merits as to their claims for relief under 42 U.S.C. § 1985(3), as well as Plaintiffs' common law claims for trespass and tortious interference with Plaintiffs' businesses. *Roe v. Operation Rescue,* 710 F.Supp. 577 (E.D.Pa.1989).

4. Injunctive relief is essential to preserve Plaintiffs' businesses and property interests, to ensure the rights of Plaintiffs' patients to seek medical treatment from physicians of their choice regardless of whether such treatment includes an abortion, and to protect Plaintiffs' employees, patients and escorts from physical abuse or tortious harassment while entering, leaving, working at or using any services provided at Plaintiffs' clinics.

5. Any findings of fact which should appropriately be termed "Conclusions of Law" are deemed to be Conclusions of Law, and any Conclusions of Law which should appropriately be termed "Findings of Fact" are deemed to be Findings of Fact.

IT IS THEREFORE ORDERED that Plaintiffs' Motions for Preliminary Injunction are granted to the extent provided in the Order for Preliminary Injunction entered concurrently with these Findings of Fact and Conclusions of Law.